IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMARIO ANDERSON and WILLIAM GRIMMETT, individually and on behalf of the Coca-Cola Bottlers' Association 401(k) Retirement Savings Plan and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>COCA-COLA BOTTLERS' ASSOCIATION, *et al.*,<br><br>*Defendants*. | Case No. 21-cv-02054 |

**PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CLASS CERTIFICATION, APPOINTMENT OF CLASS COUNSEL, APPROVAL OF CLASS NOTICE, AND SCHEDULING OF FAIRNESS HEARING**

Plaintiffs hereby move the Court to enter an Order granting preliminarily approving the Parties' proposed class action settlement, conditionally certifying the proposed class for settlement purposes, appointing Foulston Siefkin LLP as Class Counsel, approving the proposed Notices to Class Members, and scheduling a fairness hearing to grant final approval of the Settlement. Defendants do not oppose this motion.

The proposed Settlement resolves Plaintiffs' class action claims against Defendants regarding their management of The Coca-Cola Bottlers' Association 401(k) Retirement Savings Plan (the "Plan"). Under the terms of the Settlement, Defendant The Coca-Cola Bottlers' Association will cause its insurers to pay $3,300,000.00 into a common fund for the benefit of Class Members, which will be allocated pro rata among Class Members in proportion to their account balances in the Plan during the Class Period (after deduction of Court-approved Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Service Awards).

The Court should preliminarily approve the proposed Settlement because: (1) it was fairly and honestly negotiated; (2) it is fair and reasonable and provides adequate relief to the Class; (3) serious questions of law and fact place the ultimate outcome of the case in doubt; (4) the value of an immediate recovery outweighs the possibility of future relief after protracted and expensive litigation; and (5) Rule 23(e)(2)'s factors weigh in favor of approval. Fed. R. Civ. P. 23(e); *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

The Court should conditionally certify the Class for purposes of settlement because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Class; (3) Plaintiffs' claims are typical to those of the Class; (4) Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class; and (5) prosecuting separate actions by or against individual Class Members would create a risk of (a) inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for the party opposing the Class, and/or (b) adjudications with respect to individual Class Members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. Fed. R. Civ. P. 23(a), (b)(1).

The Court should appoint Foulston Siefkin LLP as Class Counsel because: (1) it has done significant work identifying, investigating, and litigating the claims in this case; (2) it has experience in handling similar ERISA class actions, class actions generally, and other complex litigation; (3) it has extensive knowledge of the applicable law; and (4) it will commit whatever resources are necessary to represent the Class. Fed. R. Civ. P. 23(a)(1)(A).

The Court should approve the proposed Class Notices and authorize the proposed distribution of the Class Notices via first-class mail because this will fairly apprise Class Members

of the terms of the proposed Settlement and their options, and thus is reasonable and satisfies due process. Fed. R. Civ. P. 23(e)(1), (c)(2)(A).

Accordingly, Plaintiffs respectfully request that the Court enter an order: (1) conditionally certifying the Class for settlement purposes; (2) appointing Foulston Siefkin LLP as Class Counsel; (3) preliminarily approving the Settlement; (4) approving the proposed Class Notices and authorizing distribution of same; (5) scheduling a Final Approval Hearing; and (6) granting other relief as set forth in the proposed Preliminary Approval Order. Defendants do not oppose Plaintiffs' motion.

This motion is accompanied by a Brief in Support. Plaintiffs are also submitting a proposed Preliminary Approval Order along with this motion, which is attached as Exhibit A-1 to the Brief in Support.

Respectfully submitted by,

*/s/ Alexandra N.C. Rose*
Boyd A. Byers, KS Bar No. 16253
Charles E. McClellan, KS Bar No. 23692
Alexandra N.C. Rose, KS Bar No. 27247
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
(P) 316.267.6371 | (F) 316.267.6345
bbyers@foulston.com | cmcclellan@foulston.com
nrose@foulston.com

Scott C. Nehrbass (KS #16285)
Nancy E. Musick (KS # 28258)
7500 College Boulevard, Suite 1400
Overland Park KS, 66210-4041
(P) 913.498.2100 | (F) 913.498.2101
snehrbass@foulston.com
nmusick@foulston.com

*Attorneys for Plaintiffs*

### C<span></span>ERTIFICATE OF S<span></span>ERVICE

I hereby certify that on March 23, 2023, I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

                                           */s/ Alexandra N.C. Rose*
                                           Alexandra N.C. Rose, KS Bar No. 27247