IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KIMARIO ANDERSON and <br> WILLIAM GRIMMETT, <br> individually and on behalf of the Coca-Cola <br> Bottlers' Association 401(k) Retirement <br> Savings Plan and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> COCA-COLA BOTTLERS' <br> ASSOCATION, et al., <br><br> Defendants. | Case No. 21-2054-JWL |

## MEMORANDUM AND ORDER

This action, brought under the Employee Retirement Income Security Act of 1974 (ERISA), comes before the Court on the parties' motion for preliminary approval of their class action settlement, which would resolve all claims in the case, and for related relief (Doc. # 76). The Court conducted a telephone conference on the motion on April 17, 2023, and then the parties made additional submissions to the Court. The Court **grants** the motion to the extent set forth herein. Specifically, the Court preliminarily approves the settlement; conditionally certifies a settlement class; appoints class counsel, class representatives, and a settlement administrator; authorizes notice to the class; and sets a schedule for further proceedings, including a final settlement approval hearing. The Court

will also issue a separate order with additional details, based on a proposed order submitted by the parties.

### I. **Background**

Defendant Coca-Cola Bottlers' Association ("CCBA"), an association of independent companies that bottle and distribute Coca-Cola products, offers various employee benefit programs to its members, including a 401(k) retirement plan ("the Plan"). Plaintiffs were employed by a member of CCBA and were participants in the Plan. The Plan was administered on behalf of CCBA by defendant The Coca-Cola Bottlers' Association 401(k) Savings Plan Benefit Committee ("the Committee"), and the individual defendants were members of the Committee at relevant times.

In this action, plaintiffs have asserted claims under Section 404(a) of ERISA, 29 U.S.C. § 1104(a) – on their own behalf, on behalf of the Plan, and on behalf of a putative class of participants and beneficiaries of the Plan since February 1, 2015 – by which they allege breaches of fiduciary duties of prudence and loyalty. On March 30, 2022, the Court dismissed claims relating to one fund offered by the Plan, certain claims relating to recordkeeping fees, and claims against the individual defendants for co-fiduciary liability. *See Anderson v. Coca-Cola Bottlers' Ass'n*, 2022 WL 951218 (D. Kan. Mar. 30, 2022) (Lungstrum, J.).

The parties recently engaged in mediation and reached an agreement to settle the claims in this case, including the class claims. Under that settlement, defendants would pay $3,300,000 into a settlement fund, and the net amount (after deductions for

administrative expenses, attorney fee and expense awards, and service awards) would be distributed to class members *pro rata*, based on their level of investment in the Plan over the class period (February 1, 2015, through the date of this order). Current participants in the Plan would have their accounts credited with their shares, without the need for the submission of claims; and former participants could submit a claim form electing to have their shares rolled into other accounts or plan or to receive payment by check. The agreement provides for a future motion by plaintiffs' counsel for an award of attorney fees up to one-third of the gross settlement amount, and for a future motion for service awards in maximum amounts of $20,000 for one plaintiff and $10,000 for the other. The parties now seek preliminary approval of that settlement and related relief.

## II.     Preliminary Approval of the Settlement

Rule 23 requires court approval for the settlement of claims on a class-wide basis. *See* Fed. R. Civ. P. 23(e). The rule sets out the factors for a court to consider with respect to such approval as follows:

> If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
> (A)   the class representatives and class counsel have adequately represented the class;
>
> (B)   the proposal was negotiated at arm's length;
>
> (C)   the relief provided for the class is adequate, taking into account:
>
>         (i)   the costs, risks, and delay of trial and appeal;

>   (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>
>   (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and
>
>   (iv)   any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

*See* Fed. R. Civ. P. 23(e)(2). In addition, before amendment of the rule in 2018 to include these factors, the Tenth Circuit instructed courts to consider the following:

> In deciding whether to approve a class settlement, a district court considers whether (1) the settlement was fairly and honestly negotiated, (2) serious legal and factual questions placed the litigation's outcome in doubt, (3) the immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation, and (4) the parties believed the settlement was fair and reasonable.

*See Tennille v. Western Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015) (internal quotation and citation omitted); *see also In re Samsung Top-Load Washing Machine Marketing, Sales Practices and Products Liability Litig.*, 997 F.3d 1077, 1087 (10th Cir. 2021) (listing both sets of factors to be considered by a district court).

By the present motion, the parties seek only preliminary approval of their settlement, in anticipation of a motion for final approval after the settlement class has been certified, class notice has been disseminated, and class members have been given an opportunity to object. The Court's present inquiry is thus governed by the following standards:

> Because preliminary approval is just the first step of the approval process, courts apply a less stringent standard than that at final approval. District

4

> courts have developed a jurisprudence whereby they undertake *some* review of the settlement at preliminary approval, but perhaps just enough to ensure that sending notice to the class is not a complete waste of time. The general rule is that a court will grant preliminary approval where the proposed settlement is neither illegal nor collusive and is within the range of possible approval. While the Court will consider the Tenth Circuit's factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well.

*See Nieberding v. Barrette Outdoor Living, Inc.*, 2015 WL 1645798, at *4 (D. Kan. Apr. 14, 2015) (internal quotations and citations omitted) (citing, *inter alia*, William B. Rubenstein, *Newberg on Class Actions* § 13.10 (5th ed.)); *see also In re Syngenta AG MIR 162 Corn Litig.*, 2018 WL 1726345, at *2 (D. Kan. Apr. 10, 2018) (Lungstrum, J.) (quoting and applying this standard from *Nieberding*); *Delcavo v. Tour Resource Consultants, LLC*, 2022 WL 17496223, at *2 (D. Kan. Dec. 8, 2022) (Lungstrum, J.) (same).

The Court concludes that the standards for preliminary approval of the settlement have been met in this case. There is no suggestion of illegality or collusion here, and the parties have confirmed that they negotiated at arm's length during a lengthy mediation with an experienced mediator. This litigation has been vigorously contested in this Court by experienced counsel, including throughout discovery and the briefing of dispositive motions. Factual and legal issues remain disputed and contested with respect to the claims and defenses, and even though the Court dismissed some claims, plaintiffs would have the opportunity to appeal those rulings. The amount of the settlement is not insubstantial (even after a potential award of attorney fees from the settlement fund) and represents a significant percentage of the total class damages claimed by plaintiffs (especially when defendants' argument for certain offsets is considered). The class faces a risk of little or

no recovery at trial in the future, and therefore it is reasonable to believe that the immediate recovery of such a sum is more valuable than the mere possibility of a more favorable outcome at trial. Counsel for both sides believe the settlement to be fair. The proposed allocation to class members is equitable on its face,[1] and the proposed method of distribution is efficient and reasonable, particularly in light of the fact that current participants of the Plan will not need submit claims.

Based on these factors, the Court concludes that the settlement falls within the range of settlements that could be approved, and the Court therefore grants preliminary approval of the parties' settlement, including the proposed plan of allocation and the proposed distribution plan. The Court also approves the appointment of Analytics Consulting, LLC as settlement administrator, as requested by the parties.

### III.     Attorney Fee and Service Awards

Rule 23(h) provides that the Court may award reasonable attorney fees authorized by the parties' agreement upon motion under Rule 54(d)(2), and that notice of the fee request must be given to the class members, who then may lodge objections to the proposed award. *See* Fed. R. Civ. P. 23(h). By the present motion, plaintiffs' counsel does not seek an award of fees and expenses; rather, counsel intends to file in the future, prior to the

---

[1] As discussed at the telephone conference, the parties should discuss the rationale for the allocation plan, which does not distinguish among the particular funds in the Plan, in seeking final approval. At this stage, however, the proposed plan, which treats all class members the same, falls within the range of plans that could be approved by the Court, and the Court therefore grants preliminary approval.

deadline for class members to object, a motion for attorney fees and for service awards for the plaintiff class representatives. In conjunction with the motion for final settlement approval, the Court will consider the propriety of any such awards. At this stage, the Court considers the maximum awards allowed by the settlement agreement only for the purpose of determining whether to grant preliminary approval to the settlement, and, as discussed above, the Court has concluded that the settlement falls within the range of acceptable settlements even if the maximum awards were granted.

**IV.     Class Certification**

The parties request conditional certification of a settlement class pursuant to Fed. R. Civ. P. 23(b)(1), based on the class definition and class period stated in plaintiffs' complaint. The Court concludes that certification of a settlement class would be appropriate in this case, based on the following: the size of the class (over 64,000 members); the existence of questions of law and fact common to the class; the typicality of the claims of the class representatives; the adequacy of the class representatives (and their counsel) for the purpose of protecting the interests of the class; and the risk of inconsistent adjudications if separate actions were brought by class members. *See* Fed. R. Civ. P. 23(a), (b)(1). Therefore the Court conditionally certifies the proposed settlement class for the purposes requested, including so that notice to the class may be authorized. *See* Fed. R. Civ. P. 23(e)(1)(B) (court must direct notice to class members upon a showing that the court will likely be able to certify the class). The Court also appoints plaintiffs' counsel as class counsel as requested, and appoints the individual plaintiffs as class representatives.

V.     **Class Notice**

The Court is charged with directing "appropriate" notice "in a reasonable manner" to all class members who would be bound by the proposed settlement agreement. *See* Fed. R. Civ. P. 23(c)(2)(A), (e)(1)(B). The parties propose to provide notice to the class by direct mail. The Court concludes that such notice is reasonable and practicable, particularly in light of the fact that current participants will not need to file a claim and thus will receive a distribution even if they do not receive the notice. The Court is persuaded by the submissions of the parties that it would not be feasible to direct additional notice by email, particularly given the limited authorizations granted by the participants for the use of their email addresses. Moreover, the parties have agreed to maintain a settlement website, on which could be posted the settlement agreement and related court filings, including any future motions for attorney fee awards and service awards; and which would include a telephone number that class members could use to seek additional information. The Court therefore orders the parties to include on that website the authorized class notice and any materials submitted to the Court for its consideration, including specifically any motion for fees and service awards and the report obtained by defendants from an independent fiduciary concerning the settlement. Finally, the Plan recordkeeper has indicated that it is feasible to give notice on the online account portals for active participants who have signed

8

up for such access, and the Court therefore orders that such additional notice be given in that manner.[2]

In addition, with respect to the content of the class notice to be mailed to the class members, the Court approves the revised notice forms submitted by the parties after the Court's recent telephone conference.

### VI.     Schedule and Final Approval Hearing

The Court sets the following schedule and deadlines, which have been decided in consultation with the parties, and which shall be included in the class notice:

Any motion for an award of attorney fees and expenses or for service awards for class representatives shall be filed on or before **July 17, 2023**.

Any objections to the settlement agreement or to any request for awards shall be filed on or before **August 16, 2023**.

Any responses to objections to the settlement and any motion for final settlement approval shall be filed on or before **September 1, 2023**.

The Court hereby sets the final settlement approval hearing for **September 15, 2023, at 1:30 p.m. CST**, in Courtroom 440 in the federal courthouse in Kansas City, Kansas.

---

[2] The recordkeeper has requested adding language to any such notice that the notice is being given at the request of CCBA, and the Court deems such language acceptable. In addition, the notice may be given either by placing the authorized class notice on the portals or by posting on the portals only a short statement with a link to the settlement website, at the discretion of the parties and the recordkeeper.

In addition, the Court will forthwith issue an additional order, which has been proposed by the parties and modified by the Court, and which contains additional details concerning the preliminary approval of the settlement.

IT IS THEREFORE ORDERED BY THE COURT THAT the parties' motion for preliminary approval of their settlement agreement and for other relief (Doc. # 76) is hereby **granted** as more fully set forth herein.

IT IS SO ORDERED.

Dated this 28th day of April, 2023, in Kansas City, Kansas.

    /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge